NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GoE3 LLC, an Arizona limited liability corporation,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>EATON CORP., an Ohio corporation,<br><br>        Defendant-Appellee. | No.   18-17387<br><br>D.C. No. 2:16-cv-03449-JJT<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
John J. Tuchi, District Judge, Presiding

Submitted March 04, 2020<sup>**</sup>
Phoenix, Arizona

Before: CLIFTON, OWENS and BENNETT, Circuit Judges.

Plaintiff-Appellant GoE3, LLC ("GoE3") appeals the district court's order

granting Eaton Corp.'s ("Eaton") motion for summary judgment and the district

court's order denying GoE3's motion for reconsideration. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

under 28 U.S.C. § 1291 and review a grant of summary judgment de novo and denial of a motion for reconsideration for abuse of discretion. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 776, 780 (9th Cir. 2009). We affirm.

**1.**     The district court properly granted Eaton's motion for summary judgment. Viewing the evidence in the light most favorable to GoE3, *see Pyramid Techs., Inc. v. Hartford Casualty Insurance Co.*, 752 F.3d 807, 818 (9th Cir. 2014), we agree with the district court that GoE3 did not introduce any evidence of a genuine dispute over whether Eaton agreed (in writing or otherwise) to the additional terms GoE3 alleges Eaton breached. Fed. R. Civ. P. 56(c)(1)(A).

GoE3 provided the district court no evidence of the content of any contract terms it claims Eaton breached—indeed, its response to the summary judgment motion attached no contract documents at all. Brimacombe's declaration lacked *any* admissible facts about the terms of any allegedly breached material contract terms. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). And even if the district court considered as admissible evidence a deposition page referenced in Brimacombe's declaration, that does not change the outcome. That page only lists some of the specifications GoE3 *sought*. GoE3 submitted no

2

admissible evidence (from that page or otherwise) that Eaton accepted any specifications as part of the original contract terms or as part of a subsequent contractual modification.

Brimacombe's deposition testimony, introduced by Eaton, is similarly unhelpful to GoE3. *See Pyramid Technologies*, 752 F.3d at 818 (any inference for nonmoving party "must have a sufficient evidentiary basis"). Brimacombe never identified any evidence or facts that showed that Eaton agreed to the additional terms or specifications. At best, the testimony established that GoE3 sought certain specifications and functions for its charging stations, not that Eaton ever agreed to GoE3's requests.

Finally, GoE3's argument that the doctrine of part performance applies is unsupported by the record. GoE3 has not shown that its partial payment was "unequivocally referable" to the contract modifications, *see Owens v. M.E. Schepp Ltd. P'ship*, 182 P.3d 664, 669 (Ariz. 2008), rather than simply a payment pursuant to the original contract.

Since GoE3 failed to introduce any evidence that created a genuine dispute of material fact as to whether Eaton agreed to the terms GoE3 claims Eaton breached, it did not carry its burden to show that the terms it sought to enforce

were part of the contract. Thus, its breach of contract claim fails, and the district court properly granted summary judgment.[1]

**2.**     The district court also did not abuse its discretion in denying GoE3's motion for reconsideration. Parties cannot use a Rule 59(e) motion to get a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted). GoE3 sought to provide additional evidence that it could have, but did not, attach to its summary judgment opposition. It offered no justification for its original failure to provide that evidence to the district court. The district court thus properly denied the reconsideration motion.[2] *See Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (describing standard for Rule 59(e) motion).

**AFFIRMED.**

---

[1] We decline to consider GoE3's additional arguments raised for the first time on appeal. *See Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991).

[2] We decline to consider GoE3's manifest injustice argument, which was not raised before the district court. *See Alaska Airlines*, 948 F.2d at 546 n.15.